DAVIS, Chief Judge.
Stephen P. Fisher, pro se, challenges the postconviction court’s denial of his Florida Rule of Criminal Procedure 3.850 motion. We affirm the denial after eviden-tiary hearing of Fisher’s claims of ineffective assistance of counsel without comment. However, as the State properly concedes, the trial court improperly sentenced Fisher on the underlying offenses as a violent career criminal. Accordingly, we reverse the denial of that claim and remand for further proceedings.
On August 24, 2009, Fisher entered open guilty pleas to burglary of an unoccupied structure, grand theft, and criminal mischief. The trial court accepted the pleas and sentenced Fisher on the burglary to ten years’ imprisonment as a violent career criminal.
A “violent career criminal” is a “defendant [who] has previously been convicted as an adult three or more times for [a qualifying] offense.” § 775.084(l)(d)(l)(a), Fla. Stat. (2009). Burglary qualifies as such an offense. Id.; § 776.08, Fla. Stat. (2009). However, “[i]n order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.” § 775.084(5) (emphasis added).
Although Fisher has four prior burglary convictions, two of those were sentenced together on December 12, 2002, and the other two were sentenced together on *469 February 11, 2009. Accordingly, only one conviction from each sentencing can be counted toward the violent career criminal designation, leaving Fisher with only two qualifying convictions — one shy of the statutorily required three necessary to sentence as a violent career criminal.
We therefore reverse only the postcon-viction court’s denial of Fisher’s claim of sentencing error in his rule 3.850 motion[1] and remand for resentencing.
Reversed and remanded.
CASANUEVA and CRENSHAW, JJ, Concur.

. See Fla. R. Crim. P. 3.850(a)(1).